FILED
08 APR 24 PM 2:28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. |
| Plaintiff, | '08 MJ 1268 |
| | COMPLAINT FOR VIOLATION OF: |
| v. | |
| **Richard Duane MANSFIELD,** | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **April 22, 2008,** within the Southern District of California, defendant **Richard Duane MANSFIELD** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Olivia LOBATO-Rubio, Juan ISLAS-Bautista,** and **Manuel CASTANON-Robles** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **24TH** DAY OF **APRIL 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Richard Duane MANSFIELD

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Olivia LOBATO-Rubio, Juan ISLAS-Bautista,** and **Manuel CASTANON-Robles** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 22, 2008, Border Patrol Agent A. Mattraw was assigned to primary inspection duties at the Old Highway 80 Checkpoint near Campo, California.. At 12:35 p.m., a 1997 gold Nissan Maxima, bearing Texas plates, driven by a subject later identified as the defendant **Richard Duane MANSFIELD**, approached the primary inspection area. At the primary inspection area, Agent Mattraw asked the defendant if she could look in the trunk and he replied yes. Agent Mattraw asked the defendant to open the trunk and the defendant pushed the button from inside the vehicle but it did not open. Agent Mattraw then returned to the front and noticed that the defendant appeared nervous.

Agent Mattraw then instructed the defendant to put the car in park and turn off the engine. The defendant hesitated to put the car in park so Agent Mattraw reached for the door and grabbed the handle to pull it open. The defendant moved the gearshift back into drive and stepped on the gas, fleeing the checkpoint. Agent Mattraw advised other Agents via service radio.

Border Patrol Agent S. Cueves Jr. drove after the Nissan in a marked Ford F-150 as well as Border Patrol Agent F. Nunez who was in a marked Crown Victoria sedan. Border Patrol Agent E. Brent, who was assigned to the spike position on Old Highway 80, advised agents that the vehicle did not pass his location. Border Patrol Agent R. Ayon was the first agent to locate the vehicle at the Greenhead Gun Club. Agent Ayon located footprints for the defendant and tracked him to where he was hiding 100 yards away. The keys to the vehicle were located in the defendant's pocket. Agent Ayon placed the defendant under arrest. Border Patrol Agent E. Brent arrived and found three suspected undocumented aliens in the brush nearby. Agent Brent approached the subjects and identified himself as a United States Border Patrol Agent and questioned them as to their citizenship. All three subjects stated that they were citizens of Mexico and all were in the United States illegally. Agent Brent arrested placed all three under arrest. All three admitted to being in the trunk of the Nissan Maxima. Agent Ayon transported the defendant to the I-8 Checkpoint for further processing. At the I-8 Checkpoint, Agent Mattraw was able to confirm that defendant Richard Duane MANSFIELD was the driver who fled from the Old Highway 80 Checkpoint.

## DEFENDANT STATEMENT:

The defendant **Richard Duane MANSFIELD** was advised of his Miranda Rights and stated he understood his rights and was willing to speak without having an attorney present. MANSFIELD stated that he met a guy at a bar that overheard a conversation that MANSFIELD was having with a friend. MANSFIELD and his friend were talking about how MANSFIELD really needed money. The gentleman at the bar stated that he knew someone who could help MANSFIELD make extra money. MANSFIELD gave the guy his phone number. MANSFIELD stated that the gentleman kept calling him and MANSFIELD kept saying no, but then finally said yes three days ago because he was really broke. MANSFIELD stated that he got a call at approximately 7:30 a.m. on April 22, 2008. MANSFIELD stated that he was instructed to pick up a vehicle that would be waiting for him. MANSFIELD stated that he was to pick up the vehicle and then drive out to the Golden Acorn Casino.

**CONTINUATION OF COMPLAINT:**
**Richard Duane MANSFIELD**

MANSFIELD was told to go into the casino and leave the keys in the car. While in the casino, MANSFIELD was to gamble and wait for a phone call. MANSFIELD stated that once the phone call was done, he returned to the vehicle to drive it back to the predetermined location. MANSFIELD stated that he was to be paid $600.00 USD for the return of the vehicle.

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Olivia LOBATO-Rubio, Juan Ramon ISLAS-Bautista,** and **Manuel CASTANON-Robles** agree in summary that they are citizens and nationals of Mexico, illegally present in the United States without United States immigration documents allowing her to enter or remain in the United States legally. The material witnesses stated that they made arrangements or arrangements were made for them to be smuggled into the United States for a fee.